UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT G. WEAVER and**
**NANCY K. WEAVER, d/b/a**
**HIGHLAND PARK HILLS,**

    **Plaintiffs,**

v.                                 Case No. 8:05-cv-1913-T-27TBM

**LEXINGTON INSURANCE**
**COMPANY and ESSEX**
**INSURANCE COMPANY,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on Defendant Essex Insurance Company's **Renewed Motion for Extension of Expert Disclosure Deadlines** (Doc. 39), Defendant Lexington Insurance Company's **Motion for Reconsideration and/or Renewal of Order Denying Motion for Extension of Expert Disclosure Deadline** (Doc. 40), and Plaintiffs' responses in opposition (Docs. 46, 53).[1]  A telephonic hearing on these matters was conducted on August 8, 2006.

---

[1] The discovery cut-off date has been extended to October 18, 2006, and the dispositive motion deadline has been extended to November 1, 2005.  (Doc. 35).  The exert disclosure dates were not reconfigured with these extensions.  Thus, Plaintiffs' expert disclosure deadline was May 1, 2006, and Defendants' expert disclosure deadline was June 1, 2006. (Doc. 10).

By its motion (Doc. 39), Essex Insurance Company (hereinafter "Essex") renews its previous motion and seeks an Order extending its exert disclosure deadline to July 18, 2006, and the parties' rebuttal expert disclosure deadline to August 14, 2006.[2]

By its motion (Doc. 40), Lexington Insurance Company (hereinafter "Lexington") seeks reconsideration of the court's Order (Doc. 28) denying its request to extend the expert disclosure deadlines in light of its failure to demonstrate adequate cause for doing so and an absence of prejudice. It requests an extension of the expert disclosure deadline to that of August 18, 2006, with rebuttal expert disclosure within twenty days thereafter.[3] (Doc. 40).

Upon careful consideration of the pleadings and the parties' arguments at hearing, the motions (Docs. 39-40) are **GRANTED** in part and **DENIED** in part. Insofar as Essex Insurance Company seeks to add Randall Howard and Stuart Rattalick as experts for the defense, the motion (Doc. 39) is granted. In all other respects the motion is denied. Insofar as

---

[2]Essex contends that good cause for doing so exists because its recent inspection of Plaintiffs' property revealed damage that was not present in 2004 when the claim was first investigated, Plaintiffs have not disclosed a computation of their claimed damages as required by Fed. R. Civ. P. 26(a)(1)(c), Plaintiffs' current damages estimate is four times the amount claimed pre-suit, and Plaintiffs will not be prejudiced because they have until October 18, 2006, to propound expert discovery or depose all experts. (Doc. 39). Plaintiffs refute these allegations and urge that there is no good cause for Essex to name new and additional experts at this point in the litigation. (Doc. 46).

[3]Lexington urges reconsideration is warranted in light of newly acquired evidence (Plaintiffs' claim has changed since its inception and damages are now claimed for electrical, plumbing and other mechanical systems) and the need to prevent manifest injustice (the court misperceived the coverage and damage questions at issue and was unaware that Plaintiffs named a rebuttal expert witness on June 15, 2006). Plaintiffs urge the court to again deny Lexington's motion on the basis that it failed to identify any good cause for leave to name new and additional experts. (Doc. 53).

Lexington Insurance Company seeks to add Bill Stanford and Tim Eaton, its motion (Doc. 40) is granted.  In all other respects the motion is denied.  Regarding these experts, to the extent that expert disclosures have not previously been made, full disclosures in accordance with Fed. R. Civ. P. 26(a)(2) shall be made within twenty (20) days of the date of this Order.

Defendants' objections related to Plaintiffs' expert, Allan Schreiber, are over ruled.  Likewise, to the extent Plaintiffs have failed to make full disclosures in accordance with Rule 26(a)(2), such disclosure shall be made within twenty (20) days of the date of this Order.

Accordingly, for the reasons set forth above, Essex's **Renewed Motion for Extension of Expert Disclosure Deadlines** (Doc. 39) is **GRANTED** in part and **DENIED** in part.  To the extent that Lexington renews it previous motion, the motion (Doc. 40) is **GRANTED** in part and **DENIED** in part, and its motion for reconsideration is **DENIED** as moot.

**Done and Ordered** in Tampa, Florida, this 8th day of August 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record