## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERT G. WEAVER and**
**NANCY K. WEAVER, d/b/a**
**HIGHLAND PARK HILLS,**

        **Plaintiff,**

**v.**                                                   **Case No. 8:05-cv-1913-T-27TBM**

**LEXINGTON INSURANCE COMPANY**
**and ESSEX INSURANCE COMPANY,**

        **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on **Defendant Essex's Motion to Compel and Memorandum of Law in Support Thereof** (Doc. 49).  By its motion, Defendant seeks an Order compelling Plaintiffs to produce all documents responsive to Request Nos. 3, 5, 6, 16, 20, 21, 23, 24, 28, and 30 of its Request for Production served on May 30, 2006,[1] and provide complete responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 12, 13, 14, 16, and 18 of its First Set of Interrogatories also served on May 30, 2006.  Defendant also seeks an award of the fees and costs associated with its instant motion.  Plaintiffs respond that almost all the documents sought in the instant motion were in Defendant's possession prior to the filing of the motion and Defendant's complaint actually is that Plaintiffs did not provide them copies of their own agent's documents or additional copies of documents already provided.  Plaintiffs also note that since the filing of the motion, their principal expert, Thomas Mack, has been

_____

[1]By a supplemental pleading, Defendant withdrew its objections to Plaintiffs' production as it relates to Request Nos. 1, 2, 4, 9, 10, 11, 12, 13, 17, and 22.  See (Doc. 68).

deposed and produced his entire file, Plaintiff Robert Weaver and his son have been deposed and produced additional documents, and on August 9, 2006, Plaintiffs' counsel made available for inspection and copying the responsive documents.  To the extent that Defendant seeks documents regarding all maintenance, repairs and improvements Plaintiffs have done to their property since 1996 (a ten-year period), Plaintiffs assert that all records documenting such prior to Hurricane Charley in 2004 do not exist as they were destroyed in the storm.  Thus, Plaintiffs contend they have fully complied with Defendant's Request for Production.  As for the interrogatory requests, Plaintiffs respond generally that they have provided adequate responses and/or supplemental responses and/or they have testified at deposition or produced documents responsive to the requests.  A telephonic hearing on this matter was conducted on September 27, 2006.  Upon consideration, the motion (Doc. 49) is **GRANTED in part** and **DENIED in part** as set forth herein.

Regarding Request No. 3, the motion is denied.  While Defendant maintains that all inspection reports, closing documents, notes, mortgages, title work, deeds, contracts, warranties and/or other documents procured in the course of the purchase of the subject property, are relevant to this dispute, Plaintiffs response to the contrary is more compelling.  Their ownership of the property is not an issue, and the purchase price of the property or the conditions of the sale are irrelevant, as is the condition of the residence at or near the time of purchase in 1996 given the changes that have occurred since that time.

Regarding Request Nos. 5, 6, 20, and 24, Defendant seeks all documents regarding repairs, improvements, and maintenance performed at the subject property, including all evidence of payment for the same.  Plaintiffs respond that these requests are overly broad because they are not limited in temporal scope and they are not reasonably calculated to lead

2

to admissible evidence.  In any event, Plaintiffs assert that Robert and Eric Weaver have testified that any documents they maintained regarding repairs and improvements made to their property prior to Hurricane Charley in August 2004 were destroyed in the storm and Plaintiffs have produced documents relating to post-hurricane repairs and improvements.  For reasons more thoroughly addressed at the hearing, the motion is granted in part.  To the extent that the Plaintiffs possess or have custody and control over responsive documents for the period three years before the date of this loss to the present, such matters, if not already produced, shall be produced.  To this end, counsel for the Plaintiffs will direct his clients to examine their Quicken books, charge account records, bank records and tax returns for any responsive matters.

Regarding Request Nos. 16 and 21, Defendant seeks all contracts, estimates, invoices, inspection certificates, and permits related to repairs, construction, demolition, remediation, maintenance and improvement performed on the subject buildings as a result of the claimed loss, as well as copies of all cancelled checks or other proof of payment related thereto. Plaintiffs respond that they produced documents responsive to these requests.  Specifically, Plaintiffs allege that they produced at deposition documents related to payment to Center Point [Roofing] and they produced records regarding repairs they have made themselves.  The motion is granted to the extent that Plaintiffs possess or have custody or control over responsive documents *not yet produced*.  As indicated above, Plaintiffs' counsel will make additional diligent inquiry of Plaintiffs to determine whether other documents exist which have not as yet been produced.

3

By Request No. 23, Defendant essentially seeks the same information from the date Plaintiffs purchased the subject property to present.  Plaintiffs object to Request No. 23 because it is not limited in time and reasonably calculated to lead to the discovery of admissible evidence.  In any event, Plaintiffs state that Robert and Eric Weaver both testified that documents predating the storm were destroyed and they have produced documents related to post-hurricane repair.  The motion is granted to the extent that Plaintiffs possess or have custody or control over responsive documents not yet produced for the period three years before the date of this loss to the present.

Regarding Request No 28, Defendant seeks all documents related to the steps Plaintiffs took from August 13, 2004, to present to protect the buildings insured by Defendant from further damage, including, but not limited to, photographs, videos, contracts, invoices, estimates, and proof of payment.  As indicated in previous responses, Plaintiffs assert that they have provided proof of payment to Center Point Roofing and they did all other repairs themselves.  In accordance with the above, the motion is granted to the extent that Plaintiffs possess or have custody or control over responsive documents not yet produced.

Regarding Request No. 30, Defendant seeks all documents showing ownership, value or purchase of any item of personal property Plaintiffs claim are owed under Defendant's policy.  Plaintiffs initially responded that were "none at this time," however, as discussed at the hearing, the Plaintiffs have made a sizable claim for personal property loss and have agreed to supplement their interrogatory response to provide additional information.  The motion is granted to the extent that Plaintiffs, in addition to supplementing their interrogatory response(s), shall produce responsive documents to the extent that such exists and have not yet been produced.

4

Regarding Interrogatories 1, 12, 13, and 18, Essex seeks information regarding Plaintiffs' claims for damages. As discussed at the hearing, Plaintiffs have agreed to supplement their responses and it is so ordered.

Regarding Interrogatory 2, Defendant seek information concerning repairs, construction, demolition, remediation, maintenance and improvements on Essex insured buildings since August 13, 2004. Plaintiffs respond that they adequately answered this interrogatory. Additionally, they note that this area was addressed in detail at the depositions of Robert and Eric Weaver. For reasons addressed at the hearing, the court will not require further interrogatory response at this time.

By Interrogatory Nos. 3 and 4, Defendant requested Plaintiffs to identify with specificity all costs related to building or construction codes, laws, or ordinances and all costs related to mold damage which they contend are owed by Defendant, as well as the basis for their contention that such costs are covered by the policy. Defendant claims that Plaintiffs' response, which identified the Mack estimate and Pearce report, is insufficient as such do not specifically identify all such costs and Plaintiffs failed to provide an actual dollar value. It also claims that Plaintiffs have not identified what personal property is moldy or the extent of the damage thereto. Plaintiffs contend their response is sufficient given that the costs related to such matters are excluded under the policy and Essex, not the Plaintiffs, has the burden to prove which costs are excluded. At this point, the court will not require the Plaintiffs to further break out any specific costs related to either building or construction codes or laws or to mold damage. Plaintiffs' expert has prepared a report and testified as to the nature and amount of damage to the buildings insured by the Essex, all of which Plaintiffs contend is covered under the Essex policies unless shown to be excluded. If further inquiry is

appropriate after summary judgment rulings are entered, the parties may revisit the matter at that time.

Regarding Interrogatory No. 5, which sought the name, address, and telephone numbers of general contractors, engineers, builders and the like who have observed or inspected the property since August 13, 2004, and whether appraisals and inspections done, Defendant contends Plaintiffs' answer appears incomplete as it did not list Center State Roofing. Plaintiffs respond that they have otherwise produced documents from Center Point Roofing which respond to this interrogatory. As the court understands this dispute, Defendant merely wishes to know that all such persons or entities have been identified with the inclusion of Center State and Plaintiffs' counsel states that they have. Accordingly, no further response will be required on this motion.

Regarding Interrogatory Nos. 6, 8,10, and 16, I find that the information sought by these questions has been adequately addressed above and/or through other discovery and that no further response will be required on this motion.

By Interrogatory No. 9, Defendant requests the identity of all Plaintiffs' employees and independent contractors, including their titles and dates of employment. Plaintiffs respond that these requests are overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant contends that the identity of employees and contractors is relevant as any such persons were witnesses to the condition of the property, and it contends the time-frame of the damages to the building is highly relevant. Defendant also contends that the information sought is not overly burdensome as it is likely kept in Plaintiffs' business records. I agree with the Plaintiffs that the request is overbroad as worded. However, the motion is granted to the extent that this information has not already

6

been disclosed and the Plaintiffs can identify by name, last known address, and last known phone number all employees working at any of the structures insured by Essex during the three-year period preceding the loss to the present.

Regarding Interrogatory No. 14, the motion is granted to the extent that the Plaintiffs provide a more complete and responsive answer.

Accordingly, **Defendant Essex's Motion to Compel and Memorandum of Law in Support Thereof** (Doc. 49) is **GRANTED in part** and **DENIED in part** as set out herein. To the extent that Plaintiffs have already fully complied with or have no documents responsive to the requests addressed herein, counsel shall so state in writing or on the record at ensuing depositions. Any production ordered hereby shall be made within <u>fifteen (15) days</u> of the date of this Order. Plaintiffs remains under a continuing duty to supplement their prior responses, where appropriate, as required by Fed. R. Civ. P. 26(e).

**Done and Ordered** in Tampa, Florida, this 2nd day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

7