**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT G. WEAVER and
NANCY K. WEAVER, d/b/a
HIGHLAND PARK HILLS,**

    **Plaintiffs,**

v.                                            Case No. 8:05-cv-1913-T-27TBM

**LEXINGTON INSURANCE
COMPANY and ESSEX
INSURANCE COMPANY,**

    **Defendants.**
_____/

## O R D E R

THIS MATTER is before the court on **Plaintiffs' Motion to Compel** (Doc. 76) and **Plaintiffs' Motion for Clarification of Protective Order Regarding Non-party Production** (Doc. 79). Defendants, Lexington Insurance Company (hereinafter "Lexington") and Defendant Essex Insurance Company (hereinafter "Essex") have filed responses to Plaintiffs' motion to compel. Responses are not yet due on the motion for clarification.

By their motion to compel (Doc. 76), Plaintiffs seek an Order compelling both Defendants to produce the time sheets, invoices, communications with the insurers and their representatives, and all draft estimates and working drawings regarding Unified Building Sciences' employee Kent Sutherland.[1] Because Mr. Sutherland prepared the estimate that

---

[1] Essex and Lexington both hired an independent insurance adjuster after Hurricane Charley, James Podesva, of York Claims Services, Inc., to adjust Plaintiffs' claim. Mr. Podesva retained Unified Building Sciences ("UBS") to prepare an estimate for repair of Plaintiffs' buildings, and UBS assigned this task to its employee, Mr. Sutherland. Mr. Sutherland inspected Plaintiffs' property and prepared an estimate on the amount of damages

served as the basis for a partial payment to Plaintiffs from both insurers, Plaintiffs contend that the work he performed in preparing his estimate is relevant and should be disclosed. Plaintiffs dispute the applicability of Essex's claimed objections to production on grounds of the claim-file privilege, the work-product doctrine, and the attorney-client privilege. In the alternative, Plaintiffs urge the court to strike Mr. Sutherland as a witness if the court finds that the documents sought are work product.

Essex contends that the documents sought by Plaintiffs are protected as work-product and are not discoverable. It also contends that the documents are irrelevant to Plaintiffs' claim of breach of contract, stating that Plaintiffs really seek these documents to support a future bad faith claim. To support these contentions, Essex relies on the fact that Mr. Sutherland is testifying on its behalf as a lay witness, not an expert witness, and it has not waived its work-production privilege as to the documents sought. As for the alternative relief sought by Plaintiffs, Essex urges that Plaintiffs have failed to provide a legal basis to strike Mr. Sutherland. Lexington does not object to Plaintiffs' motion, but it has honored the claim of privilege asserted by Essex.

Upon consideration, insofar as the motion seeks to compel Essex to produce the documents and matters identified in the subpoena duces tecum, the motion is denied. However, in order to avoid further unnecessary pleadings or delay, insofar as the following matters should have been produced at his deposition, Mr. Sutherland is hereby *sua sponte* ordered to produce to the Plaintiffs within <u>ten (10) days</u> of his receipt of a copy of this Order copies of his time sheet/records and invoices reflecting dates, amount of time spent and

---

for both Defendants. Lexington has listed Mr. Sutherland as an expert witness and Essex has identified his as a witness.

charges for his professional services, as well as any contract or other document between or from the Defendants and/or Mr. Podesva and Mr. Sutherland/UBS setting forth the scope of his work and the terms of his/its hire.  Additionally, Mr. Sutherland shall produce copies of his supporting documentation, in whatever form, to his final estimate concerning the scope and amount of damages.

By their motion for clarification (Doc. 79), Plaintiffs seek a Protective Order with regards to the non-party production by C.S. Edwards Realty, Inc., which the court directed by Order dated September 11, 2006.  At the hearing, counsel for Essex agreed to work with Plaintiffs' counsel on a mutually agreed protective order to address their concerns.  As such, the motion is denied without prejudice.

Accordingly, for the reasons set forth above, **Plaintiffs' Motion to Compel** (Doc. 76) is **GRANTED in part** and **DENIED in part** as set forth herein and **Plaintiffs' Motion for Clarification of Protective Order Regarding Non-party Production** (Doc. 79) is **DENIED** without prejudice.

**Done and Ordered** in Tampa, Florida, this 4th day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

3