UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT G. WEAVER and NANCY K.
WEAVER d/b/a HIGHLAND PARK
HILLS,

        Plaintiffs,

vs.                                      Case No. 8:05-CV-1913-T-27TBM

LEXINGTON INSURANCE CO. and
ESSEX INSURANCE CO.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant, Essex Insurance Company's ("Essex") Rule 72 Objections to the Magistrate Judge's August 8, 2006 Order (Dkt. 70) and Plaintiffs' Response (Dkt. 71), incorporating Plaintiffs' Response to Joint Motion of Defendants for Extension of Expert Disclosure Deadline (Dkt. 37) and Plaintiffs' Response to Renewed Motion for Extension of Expert Disclosure Deadline (Dkt. 46). Upon consideration, it is **ORDERED AND ADJUDGED** that Essex's Rule 72 Objections (Dkt. 70) are Overruled.

### Background

Plaintiffs brought breach of contract claims against Defendants for damages to Plaintiffs' property resulting from Hurricanes Charley and Jeanne in 2004. On June 13, 2006, the Court granted Defendant, Lexington Insurance Company's ("Lexington"), Motion for Enlargement of Case Management Scheduling Order, and extended the discovery, dispositive motions and mediation deadlines as well as the Pretrial Conference and Trial dates. (Dkt. 35). On June 23, 2006, Magistrate Judge McCoun (the "Magistrate Judge") denied Defendants' Joint Motion for Extension of Expert Disclosure Deadline finding that Defendants had not "demonstrated adequate cause for

1

extending the expert disclosure deadlines." (Dkt. 38). After reviewing Defendants' renewed motions for the extension of the expert disclosure deadlines and holding a telephonic hearing regarding the motions, the Magistrate Judge entered an Order, dated August 8, 2006, granting in part and denying in part Defendants' requests. (Dkt. 62). Specifically, the Magistrate Judge granted Essex's request to add Randall Howard ("Howard") and Stuart Retallick ("Retallick") as experts.

Essex has filed Rule 72 Objections to the Magistrate Judge's August 8, 2006, Order. Essex argues that the Magistrate Judge should have additionally allowed Essex to name Mark Lively ("Lively") and David Beard ("Beard") as expert witnesses and should have extended the deadline for the disclosure of rebuttal experts.

## Standard

Rule 72(a) of the Federal Rules of Civil Procedure provides that upon the filing of objections to a Magistrate Judge's Order regarding a pretrial matter not dispositive of a claim or defense of a party, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Under Rule 16(b), a party seeking to deviate from court ordered deadlines must demonstrate good cause why the scheduling deadlines cannot be met despite the movant's diligent efforts. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(*citing* Fed. R. Civ. P. 16, advisory committee's note).

## Discussion

Essex has not shown that the Magistrate Judge's decision was clearly erroneous or contrary to law. Essex has named James Podesva, an insurance adjuster, and Kent Sutherland of United Building Sciences ("UBS") as witnesses. Both individuals inspected Plaintiffs' property shortly after the hurricanes. Further, Essex has named Howard and Retallick as expert witnesses. According to

Essex, both Howard and Retallick were present at the June 15, 2006, inspection of Plaintiffs' property. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Essex Insurance Company's ("Essex") Rule 72 Objections to the Magistrate Judge's August 8, 2006, Order (Dkt. 70) are Overruled.

**DONE AND ORDERED** in chambers this 3rd day of October, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record