**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT G. WEAVER and**
**NANCY K. WEAVER, d/b/a**
**HIGHLAND PARK HILLS,**

        **Plaintiffs,**

**v.**                                    **Case No. 8:05-cv-1913-T-27TBM**

**LEXINGTON INSURANCE COMPANY**
**and ESSEX INSURANCE COMPANY,**

        **Defendants.**

_____/

# O R D E R

THIS MATTER is before the court on **Defendant, Lexington Insurance Company's Motion to Compel Production of Documents Withheld at the Deposition of Testifying Expert, Thomas Mack or Alternatively to Conduct an In Camera Inspection** (Doc. 86) and **Defendant Essex's Motion in Support of Lexington Insurance Company's Motion to Compel Production of Documents Withheld at the Deposition of Testifying Expert, Thomas Mack or Alternatively to Conduct an In Camera Inspection** (Doc. 98). By their motions, Defendants seek an Order compelling the production of documents withheld as work product by Plaintiffs' counsel at the July 14, 2006, deposition of Plaintiffs' expert, Thomas Mack.[1] Citing to Rule 26(a)(2)B) and persuasive authority, Defendants contend that the

---

[1] These documents are identified as three emails dated January 17, 2006, two from Plaintiffs' counsel to Mr. Mack and the other from Mr. Mack to Plaintiffs' counsel regarding tasks allegedly unrelated to Mr. Mack's expert opinion; eight emails between Plaintiffs'

documents withheld are subject to production because all information in Mr. Mack's files must be disclosed since he is Plaintiffs' testifying expert.[2]  Defendants also contend that the work-product privilege was waived by Plaintiffs' counsel's failure to file a privilege log at the time of Mr. Mack's deposition.  In the alternative, Defendants request that the court conduct an *in camera* inspection of the documents withheld.  In response, Plaintiffs agree that all documents provided to an expert to consider in forming his/her opinion are discoverable.  Plaintiffs contend, however, that the documents sought in this instance fall outside of that rule because none of the information withheld was considered by Mr. Mack in forming his expert opinion, i.e., his estimate.  (Doc. 100).  In their view, the documents at issue do not represent Mr. Mack's opinion and are not discoverable.  In support, Plaintiffs submit Mr. Mack's Affidavit, in which the expert attests that he did not consider or rely upon any of the documents identified in Plaintiffs' privilege log in forming his opinion in this case.  (Doc. 99-2).  As for the email correspondence between Ms. Blackburn and LeValley & Napolitano (law firm of Plaintiffs' counsel), Plaintiffs state they have since produced that correspondence.

Rule 26(a)(2)(B) requires that the report of a testifying expert include, among other things, a complete statement of all opinions to be expressed and the data or other information

---

counsel and Mr. Mack dated April 25, 2006, and May 23/24, 2006, regarding trial preparation; two emails dated July 13, 2006, between Plaintiffs' counsel and Mr. Mack regarding estimates and coverage; and an email dated July 25, 2006, between Plaintiffs' counsel and Linda Blackburn (the stenographer at the Mack deposition).  The emails total approximately 11 pages, and according to Mr. Mack's testimony, his (withheld) analysis of each Defendants' claim exceeds 50 pages.  Ms. Blackburn has retained the sealed documents since the deposition.

[2]Essex separately challenging the withholding of the email between Plaintiffs' counsel and Ms. Blackburn.  Essex also seeks the fees and costs associated with its motion.

2

considered by the witness in forming the opinions.  Fed. R. Civ. P. 26(a)(2)(B).  "Given this

obligation of disclosure, litigants should no longer be able to argue that materials furnished to

their experts to be used in forming their opinions – whether or not ultimately relied upon by

the expert – are privileged or otherwise protected from disclosure when such persons are

testifying or being deposed."  Advisory Committee Notes to the 1993 Amendments.

Upon consideration, the Defendants' motions (Docs. 86, 98) are **DENIED**.  The email

communications between Mr. Mack and Plaintiffs' counsel were made after Mr. Mack

rendered his expert opinion and allegedly contain information pertaining to settlement

evaluation and the retention of other possible experts, not information that the expert

considered in forming his damages estimate.  Similarly, the analyses that Mr. Mack completed

upon request of Plaintiffs' counsel to aid in claim evaluation and mediation (the manipulation

of his estimate to consider exclusions under the policy)[3] was not information that Mr. Mack

considered when forming his expert opinion.  Mr. Mack's Affidavit establishes that he did not

consider these documents in forming his expert opinion on the extent of damage to the subject

properties.  Thus, because the documents at issue were not considered by Mr. Mack when

forming his expert opinion and the information therein pertains to opinions which Mr. Mack

*will not* render at trial, namely, what exclusions may be applicable under Defendants'

---

[3]As Plaintiffs note, the insurer bears the burden of proving applicability of a claimed policy exclusion.  See Herrera v. C.A. Seguros Catatumbo, 844 So.2d 664, 668 (Fla. 3d DCA 2003) (citing U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1065 (Fla. 1983)); see also Hudson v. Prudential Property & Cas. Ins. Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984) (providing that once a plaintiff seeking to recover under an "all risks" policy proves a loss occurred while the policy was in force, the burden shifts to the insurer to prove that the loss arose from a cause that is excepted, and the plaintiff is not required to disprove any excepted causes).

insurance policies, the documents are properly withheld as work product not subject to

disclosure under Rule 26.[4]  Finally, I do not find that the failure of counsel to provide a

privilege log at Mr. Mack's deposition results in a waiver of work product protection,

particularly given the deposition excerpts identifying the disclosure of such.  Essex's request

for fees and costs is denied.

      **Done and Ordered** in Tampa, Florida, this 1st day of November 2006.


THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
United States District Judge
Counsel of Record

---

[4]In their response, Plaintiffs indicate that Mr. Mack will not testify at trial to any of the matters addressed in the documents withheld.  See (Doc. 100 at 4).  This fact is significant to the court's consideration of the instant motions.  Should Plaintiffs' intentions change such that Mr. Mack will be called to testify on matters related to the policy exclusions, the documents at issue would be discoverable under Rule 26(a)(2)(B) and should be timely disclosed without further involvement of the court.

4