**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT G. WEAVER and**
**NANCY K. WEAVER, d/b/a**
**HIGHLAND PARK HILLS,**

    **Plaintiffs,**

v.                                                   **Case No. 8:05-cv-1913-T-27TBM**

**LEXINGTON INSURANCE**
**COMPANY and ESSEX**
**INSURANCE COMPANY,**

    **Defendants.**
                                     /

**O R D E R**

THIS MATTER is before the court on **Plaintiffs' Motion to Compel Update Deposition of Essex Insurance Company's Corporate Representative** (Doc. 91). By their motion, Plaintiffs seek an Order compelling the second or continued deposition of Essex's corporate representative, James Southall Stone.[1] As grounds, Plaintiffs urge that an update deposition is required to inquire about Essex's position on Plaintiffs' personal property inventory and the new, substantially higher estimate for damages as revealed by Essex's expert at deposition on September 21, 2006. In Plaintiffs' opinion, they will be prejudiced if they cannot redepose Mr. Stone, particularly in light of the fact that Plaintiff Robert Weaver and his son, Eric Weaver, have agreed to an update deposition. Essex responds that Plaintiffs have failed to show good cause or any reasonable basis to depose Mr. Stone for a second time, and it points out that Plaintiffs' own delays in providing damages disclosures and discovery

---

[1] The video-taped deposition of Mr. Stone was conducted on July 26, 2006.

responses have necessitated their request.  Essex contends further that Mr. Stone will not be able to offer any testimony pertaining to the revised opinion of Essex's expert and he is not in a position to testify about the items of personal property currently being claimed by Plaintiffs.

Upon consideration, **Plaintiffs' Motion to Compel Update Deposition of Essex Insurance Company's Corporate Representative** (Doc. 91) is **DENIED**.  The grounds urged by Plaintiffs for resuming the deposition of Essex's corporate representative are not persuasive and fail to demonstrate resulting prejudice.  Plaintiffs also fail to provide legal authority in support of their request.

**Done and Ordered** in Tampa, Florida, this 1st day of November 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

2