**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT G. WEAVER and
NANCY K. WEAVER, d/b/a
HIGHLAND PARK HILLS,**

      **Plaintiffs,**

v.                                       Case No. 8:05-cv-1913-T-27TBM

**LEXINGTON INSURANCE
COMPANY and ESSEX
INSURANCE COMPANY,**

      **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)   **Defendant Essex's Motion to Compel and Memorandum of Law in Support Thereof** (Doc. 96) and Plaintiffs' response (Doc. 133);

(2)   **Defendant Essex's Motion to Compel Response to Non-Party Subpoena by Lake Easy Land Acquisitions, Inc., and Supporting Memorandum of Law** (Doc. 97) and Plaintiffs' and Lake Easy Land Acquisitions, Inc.'s response (Doc. 110); and

(3)   **Plaintiffs' Motion for Reconsideration and for Clarification of the Court's Order on Plaintiffs' Motion to Compel Update Deposition of Essex Insurance Company's Corporate Representative** (Doc. 113) and Essex Insurance Company's response (Doc. 140).

A telephonic hearing on the motions was conducted on December 7, 2006.

By its first motion to compel (Doc. 96), Defendant Essex Insurance Company (hereinafter "Essex") seeks an Order compelling Plaintiffs to provide additional responsive documents to its Second Request to Produce, which was served on July 27, 2006. Essex

complains that Plaintiffs' responses and objections to many of the requests were insufficient. In particular, Essex challenges Plaintiffs' responses and objections to Request for Production Nos. 5, 6, 7, 8, 9, 10, and 11. Essex also seeks the fees and costs associated with the filing of its instant motion. Plaintiffs respond that they have produced those portions of their tax returns in response to Request No. 5 and that was all that was required by the court; the update deposition of Eric Weaver on October 18, 2006, confirmed that there are no responsive documents to Request Nos. 6 and 7; and they properly objected to Request Nos. 8-11 as redundant and duplicative of other requests and they have already produced such documents. (Doc. 133). For reasons addressed at the hearing, the motion is **GRANTED in part**. Regarding Request No. 5, counsel for Plaintiffs shall review the pertinent tax returns to determine that all schedules reflecting on claims for expenses, depreciation, deductions etc., related to personal property have been produced. If so, counsel shall notify opposing counsel of that fact in writing. If additional schedules exist, they shall be promptly produced. Regarding, Request Nos. 8-11, counsel for the Plaintiffs shall revisit the matter with his clients and determine whether a complete response to the requests have been made. If there are no other documents, counsel shall notify opposing counsel of that fact in writing. If additional documents exist, they shall be promptly produced. In all other respects, the motion is **denied.**

Regarding its next motion to compel (Doc. 97), Essex indicates that the request has now been responded to. Accordingly, the motion (Doc. 97) is **DENIED as moot**.

By their motion for clarification or reconsideration, (Doc. 113), Plaintiffs request that the court reconsider or clarify its Order dated November 1, 2006, see (Doc. 109), regarding their motion to compel an updated deposition of Essex's corporate representative. In

particular, Plaintiffs seek reconsideration of the court's ruling that they are not entitled to an updated deposition of Essex's corporate representative to address Essex's experts revised estimate and Plaintiffs' personal property claim. In the alternative, Plaintiffs seek an Order preventing Essex or any of its representatives from offering any testimony pertaining to such. Essex responds that because the district court has permitted limited discovery on its new affirmative defenses, see (Doc. 141), it is appropriate to allow a second deposition of its corporate representative as to the Plaintiffs' personal property claim. However, it urges the court to deny Plaintiffs' motion with regards to the request that a second deposition be conducted for the purpose of addressing Essex's position regarding the opinions of its experts, Mr. Ratallick and Mr. Howard. (Doc. 140). As indicated in its response and by counsel's concession at the hearing, inquiry into the business personal property claim during the updated deposition of Essex's corporate representative is appropriate in light of Essex's amended affirmative defenses. The motion is **GRANTED** to the extent that Plaintiffs sought to permit that inquiry. In all other aspects, the motion is **denied**.

**Done and Ordered** in Tampa, Florida, this 7th day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record