**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT G. WEAVER and
NANCY K. WEAVER, d/b/a
HIGHLAND PARK HILLS,**

     **Plaintiff,**

v.                                                                 **Case No. 8:05-cv-1913-T-27TBM**

**LEXINGTON INSURANCE COMPANY
and ESSEX INSURANCE COMPANY,**

     **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiffs' Emergency Motion to Strike Defendant Essex Insurance Company's Thirteenth Affirmative Defense** (Doc. 167). Telephonic hearings on this matter were conducted on January 29, 2007, and February 20, 2007.

On December 4, 2006, Essex filed its Second Amended Answer and Affirmative Defenses (Doc. 144). By its Thirteenth Affirmative Defense, Essex alleged:

> Plaintiffs have made material misrepresentations in their application for insurance with Essex. Specifically Plaintiffs asserted in their application that they had not had any policy or coverage declined, cancelled or non-renewed in the three years prior to the date of the application of July 2, 2004. However, based on documents recently received from J.P. King Auction Company, Essex has now learned that Plaintiffs had coverage with United Fire Group, an insurance company that was not disclosed in the Essex application. Further, Essex recently learned that the United Fire Group policy was non-renewed because of Plaintiffs repeated failures to correct maintenance

> and other related conditions at the property in the year immediately preceding their application with Essex. Plaintiffs failed to disclose this non-renewal in their application which was a material fact to Essex's decision to accept the risk presented. Pursuant to § 627.409 Florida Statutes, Essex is entitled to void the policy, *ab initio*.

(Doc. 144 at 14). Thereafter, on December 22, 2006, Plaintiffs served Essex with their Request for Production of Documents, which sought, among other things, "all documents, including underwriting manuals, used by Essex in deciding whether to insure commercial property," and "all documents, including underwriting manuals and guidelines, used to set premiums on commercial property." (Doc. 167-2). Essex responded on January 22, 2007. It objected to both requests quoted above on the basis that the requests were overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 167-3). It also urged that the production sought contained trade secret information. Id. However, Essex agreed to produce the underwriting file, including the application submitted for the Plaintiffs' property. Id. Essex's refusal to produce the underwriting manuals and guidelines forms the basis of Plaintiffs' instant motion.

By their instant motion (Doc. 167), Plaintiffs seek an Order striking Essex's Thirteenth Affirmative Defense unless Essex produces its underwriting guidelines prior to January 30, 2007. Pertinent to this request is that the depositions of Essex's underwriter and corporate representative are scheduled for January 30, 2007, and discovery closes on January 31, 2007. Plaintiffs claim that Essex's underwriting guidelines are directly relevant to its misrepresentation defense and are crucial to whether Essex would have insured Plaintiffs.

At the first hearing on this matter, the court directed Essex to produce, no later than at the January 30, 2007, depositions, any and all portions of its underwriting policies supportive of its defense of misrepresentation as well as any other portions which reasonably may support the Plaintiffs' position that such alleged misrepresentation is immaterial to Essex's assumption of the risk.  Then, on January 30, 2007, the court approved the parties' agreed protective order regarding the underwriting manual at issue and the depositions proceeded. (Doc. 170).  Thereafter, upon inquiry by the court, the counsel for Plaintiffs and Essex indicated that another hearing on Plaintiffs' motion would be beneficial, and the second hearing was scheduled.[1]  During the second hearing, Plaintiffs reported that they received no portions of the underwriting guidelines at the depositions, ostensibly because Essex did not and does not rely upon them in support of this affirmative defense.  Counsel for Essex confirms its position that the company does not rely upon its underwriting guidelines to support this defense and none of the guidelines were produced for that reason.

Upon consideration, **Plaintiffs' Emergency Motion to Strike Defendant Essex Insurance Company's Thirteenth Affirmative Defense** (Doc. 167) is **DENIED**.  The instant circumstances do not call for striking this affirmative defense.  However, I find that

---

[1] Prior to the second hearing, Essex filed its response to Plaintiffs' motion, asserting that the motion is procedurally improper "since nothing in the Federal Rules of Procedure authorizes a Court to strike an affirmative defense due to a party's failure to respond to a discovery request." See (Doc. 178 at 2).  By its assertion, Essex contends that Rule 37(b) does not authorize the court to strike its Thirteenth Affirmative Defense because the court has not issued an Order compelling discovery or found that it failed to comply with such an Order.  Further, Essex alleges that it is confused about the procedural posture of Plaintiffs' motion, and it requests clarification as to whether the court is treating the motion as a motion to compel discovery and as to the court's ruling.

Essex has complied with only half of the court's earlier directive related to the underwriting guidelines. Plaintiffs have demonstrated that the underwriting guidelines, in part, may contain matters supportive to their claim that there were no material misrepresentations. Accordingly, the court *sua sponte* orders that Essex make available for Plaintiffs' counsel's review all underwriting guidelines in effect at the time of Plaintiffs' application for insurance with Essex. Such inspection shall occur within the next twenty (20) days. Plaintiffs shall be permitted to copy those portions of the guidelines which are supportive of their position in this litigation subject to the provisions of the protective order.

**Done and Ordered** in Tampa, Florida, this 20th day of February 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record