## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ROBERT G. WEAVER and NANCY K.
WEAVER d/b/a HIGHLAND PARK
HILLS,**

        **Plaintiffs,**

**vs.**                        **Case No. 8:05-CV-1913-T-27TBM**

**LEXINGTON INSURANCE CO. and
ESSEX INSURANCE CO.,**

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Lexington Insurance Company's Motion for Sanctions, Including Dismissal, for Violation of Rule 26(a)(2)(B), 37 & 41(b), Fed.R.Civ.P. (Dkt. 129) and Plaintiff's Response in Opposition (Dkt. 148). Oral argument was presented on May 1, 2007. Upon consideration, Defendant's Motion (Dkt. 129) is **GRANTED IN PART AND DENIED IN PART**.

### Background

This Court's Case Management and Scheduling Order originally set the parties' expert witness disclosure deadline for May 1, 2006, and the discovery deadline for June 8, 2006. (Dkt. 10). On May 1, 2006, Plaintiffs disclosed Thomas Mack and David Pearce as experts but did not provide an expert report from Pearce. (Dkt. 62 at ¶12, Dkt. 53 at ¶10). Plaintiffs represent that they had provided an expert report of Pearce to Lexington by July 24, 3006. (Dkt. 53 at ¶13). Lexington acknowledges that it received Pearce's report by July, 2006, but that the report did not fully comply

with Rule 26.

On May 30, 2006, the discovery deadline was extended to August 18, 2006, and the dispositive motions deadline to September 1, 2006. (Dkt. 31). Therafter, the discovery deadline was extended to October 18, 2006. (Dkt. 35). On June 15, 2006, Plaintiffs designated Allan Schreiber as a rebuttal expert. (Dkt. 40 at Ex.A, Dkt. 62 at p.10, Dkt. 53 at ¶14)

On August 8, 2006, Magistrate Judge McCoun overruled Lexington's objections to Schreiber and ordered Plaintiffs to make "full disclosures in accordance with Rule 26(a)(2)" within twenty days. (Dkt. 62). Plaintiffs acknowledge that they did not comply with this directive. Schreiber did not conduct inspections of the property until September 12, 13 and 18, 2006, after the disclosure deadline had passed. (Dkt. 148 at p.5). Plaintiffs provided Schreiber's expert report to Lexington on October 16, 2006, almost two months after ordered to do so by Judge McCoun. (Id. at p.4).[1]

<u>Discussion</u>

Lexington correctly argues that Schreiber's Hygeia Report was untimely under both the original Scheduling Order and Magistrate Judge McCoun's August 8, 2006, Order. Lexington also correctly argues that Schreiber's report does not meet the requirements of Rule 26(a)(2)(B). (Dkt. 153). Plaintiffs' only response to Lexington's argument that Schreiber's report does not comply with Rule 26 is relegated to a footnote observation that ". . . Lexington also quibbles about the <u>adequacy</u> of the Schreiber report . . ." That remark speaks volumes as to why these issues have burdened the Court. That comment, in the face of Plaintiffs' admitted noncompliance with Judge McCouns's

---

[1] On October 31, 2006, the dispositive motion deadline was extended to November 10, 2006. (Dkt. 107). On November 28, 2006, Plaintiffs' and Essex's stipulated motion to allow Essex to amend its answer to add new affirmative defenses and to extend the trial and pre-trial was granted. (Dkt. 141). The parties were authorized to "engage in discovery solely related to Essex's Twelfth, Thirteenth and Fourteenth Affirmative defenses. All such discovery shall be completed on or before January 31, 2007." (Dkt. 141).

disclosure deadline, demonstrates Plaintiffs' apparent lack of appreciation of the importance of full and timely compliance with the Rules and Court orders. Judge McCoun's order was a Court directive, not to be ignored. Rule 26(a)(2)(B) imposes comprehensive requirements on Plaintiffs in making expert witness disclosures, likewise not a matter to be ignored or as here, trivialized.

Rule 26(a)(2)(A)-(C) requires parties who retain expert witnesses to disclose their expert witnesses to opposing counsel along with detailed reports when so directed by the Court. Fed.R.Civ.P. 26; *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 2465020, at *2 (M.D. Fla. October 6, 2005).

Rule 37(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party that without *substantial justification* fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is *harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.
>
> In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. (emphasis added).

A party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless. *Parrish v. Freightliner, LLC*, 2006 WL 1169694, *5 (M.D. Fla. May 3, 2006). "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Chapple v. State of Ala.*, 174 F.R.D. 698, 701 (M.D. Ala.1997). Further, a

party's failure to properly disclose an expert witness is harmless when no prejudice results to the opposing party. *Id.* (citing *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D.Kan. 1995)). The Eleventh Circuit has held that while district courts "have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort." *Wouters v. Martin County, Fla.,* 9 F.3d 924, 933-34 (11th Cir. 1993).

During oral argument, Plaintiffs acknowledged that they are unable to show that their late disclosure of Schreiber's report was substantially justified. Plaintiffs' only explanation for not providing the report is as cryptic as their response to the inadequacies of Schreiber's report: "simple:[Plaintiffs] didn't have it." (Dkt. 148 at p.5). Plaintiffs explain that Schreiber's report was late because Schreiber did not conduct his examination of the property until late September and as a result, they did not have the report until October. Plaintiffs offer no explanation as to why Schreiber did not or could not have completed his inspection and report within the time directed by Judge McCoun.

Similarly, the inadequacies of Schreiber's report cannot be excused. Rule 26 requires each expert witness to provide a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. A party who "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence at trial "unless such failure is harmless." *Prieto v. Malgor,* 361 F.3d 1313, 1318 (11th Cir. 2004).

Finally, Plaintiffs' late disclosure cannot be considered harmless. Plaintiffs argue that Lexington is not prejudiced by the late report because the Court extended the trial of this matter by

4

sixty days. The Court did not, however, extend discovery such that Lexington would have been permitted to depose Schreiber. Plaintiffs provided the Schreiber report to Lexington on October 16, 2006, almost two months after Judge McCoun's deadline. Discovery closed on October 18, 2006, two days after Plaintiffs provided Schreiber's Hygeia Report to Lexington.[2] While the trial and pre-trial were continued to accommodate Plaintiffs and Essex's agreement to conduct *limited* discovery with respect to Essex' new affirmative defenses, this extension had no bearing on discovery related to Schreiber. Accordingly, Lexington was harmed by Plaintiffs' late disclosure, which came only two days before the close of discovery and two weeks before the dispositive motion deadline. Lexington accordingly had no opportunity to depose Schreiber with respect to his opinions. Plaintiffs assert that they have "no objection to Lexington conducting discovery on the Schreiber report." (Dkt. 148 at p.6).

Particularly where, as here, Plaintiffs offer no justifiable explanation for their untimely disclosure of Schreiber's report or its inadequacies, noncompliance with Judge McCoun's order must be appropriately sanctioned. Lesser sanctions than striking Schreiber's testimony are not available, without imposing on Lexington and its counsel the extraordinary burden of deposing Schreiber at this late date, adding to its trial preparation. While striking Schreiber as an expert may be a drastic remedy, noncompliance with Court imposed deadlines must be dealt with accordingly. *See Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003)(finding the untimeliness of an addendum to an expert report was alone a sufficient basis for the district court to

---

[2] Lexington did not seek leave of court to depose Schreiber after discovery closed and it was under no obligation to do so. While a deposition may have cured any prejudice to Lexington due to the late disclosure, Lexington was entitled to rely on the court imposed deadlines and hold Plaintiffs to them.

reject its admission).[3]

Finally, as to David Pearce, Plaintiffs acknowledge that his report suffers from the same Rule 26 deficiencies as Schreiber's. However, Pearce was deposed on notice of Essex for approximately five hours. Much of that deposition, according to Plaintiffs' counsel, dealt with Pearce's background and qualifications. The Rule 26 deficiencies may accordingly be dealt with without prejudice to Lexington by requiring Plaintiffs to supplement Pearce's report to cure the Rule 26 deficiencies. Accordingly, it is

**ORDERED AND ADJUDGED** that Lexington Insurance Company's Motion for Sanctions (Dkt. 129) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)     Lexington's Motion for Sanctions is **GRANTED** to the extent that Allan Schreiber is stricken as an expert witness**.** Given the drastic nature of this sanction, each party will bear their own attorney's fees and expenses incident to the motion.

(2)     Lexington's motion with respect to Pearce is **GRANTED** to the extent that Plaintiffs shall, within ten days of the date of this order, cause David Pearce to supplement his report to cure all Rule 26 deficiencies.

(3)     In all other respects, Lexington's Motion for Sanctions is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida this ___1st___ day of May, 2007.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[3] During oral argument, Plaintiffs explained that Schreiber was not entirely a rebuttal expert, as he would testify to the "means, manner and techniques" of required mold remediation. Notwithstanding, Plaintiffs have another expert, Thomas Mack, who is prepared to testify as to the necessity and cost of the mold remediation.